Gillette Motor Transport, Inc. v. Commissioner.
Gillette Motor Transport, Inc. v. Commissioner
Docket No. 58364.
United States Tax Court
T.C. Memo 1958-22; 1958 Tax Ct. Memo LEXIS 210; 17 T.C.M. (CCH) 102; T.C.M. (RIA) 58022; February 12, 1958
Joseph A. Maun, Esq., Hamm Building, Saint Paul, Minn., for the petitioner. Robert L. Liken, Esq., for the respondent. TRAIN
Memorandum Opinion TRAIN, Judge: Respondent determined deficiencies in petitioner's income taxes for the taxable years ended December 31, 1952, and December 31, 1953, as follows: Year
Deficiency
1952
$57,111.13
1953
18,097.38 The deficiency for the taxable year 1953 depends upon a determination of a deficiency for 1952. The issues to be decided relate to the treatment to be accorded an award by the Motor Carrier Claims Commission. They are: 1. Whether the sum of $157,843.99 received by the petitioner in 1952 as the result of an award by the Motor Carrier Claims Commission is taxable to *211 petitioner in 1952 or was accruable prior thereto? 2. If taxable in 1952, is said sum taxable as capital gain under the provisions of section 117(j) of the Internal Revenue Code of 1939, or as ordinary income under section 22(a) of the Internal Revenue Code of 1939? All of the facts are stipulated and as stipulated are adopted as the findings of fact. Petitioner is, and was at all times material to this proceeding, a corporation organized under the laws of Texas, with its principal place of business at Dallas, Texas. Petitioner filed its income tax returns for the calendar years 1952 and 1953 on the accrual basis with the district director of internal revenue for Dallas, Texas. The facts as stipulated are substantially identical with those of Midwest Motor Express, Inc., 27 T.C. 167 (1956), affd. - Fed. (2d) - (C.A. 8, 1958), and the issues of this case are the same as the first two issues presented in Midwest Motor Express, Inc., supra. The parties have agreed to this. We have considered the issues and find no reason for changing our opinion expressed in Midwest Motor Express, Inc. as to those identical issues. Therefore, we adopt the opinion of *212 Midwest Motor Express, Inc., supra, as to the identical issues presented herein, as the opinion in this case. The sum of $157,843.99 received by petitioner in 1952 as the result of an award by the Motor Carrier Claims Commission is taxable to petitioner in 1952 as ordinary income under section 22(a) of the 1939 Internal Revenue Code. Decision will be entered under Rule 50. *
Footnotes
*. Amended by an official order of the Tax Court, dated March 6, 1958 and signed by Judge Train↩. The decision line orginally read: "Decision will be entered for the respondent."